IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles Hines, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Proctor.io Incorporated,<br><br>Defendant. | Case No. CASENUMBER<br><br>**NOTICE OF REMOVAL** |

    Pursuant to 28 U.S.C. § 1446(d) and the jurisdictional provisions of the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d)(2) and 1453(b) ("CAFA"), Defendant Proctor.io Incorporated ("Proctorio") hereby removes the above-captioned case from the Illinois Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division. In doing so, Proctorio states as follows:

**BACKGROUND & PROCEDURAL REQUIREMENTS**

    1.    On June 3, 2021, Plaintiff Charles Hines commenced this putative class action by filing a Class Action Complaint and Demand for Jury Trial ("Class Action Complaint") in the Circuit Court of Cook County, Illinois, a court located within this district, under Case Number 2021CH02709 (the "State Court Action"). A copy of the Class Action Complaint, summons, and all other process served on Proctorio in the State Court Action is attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a). Other than the documents included in Exhibit A, no other documents have been filed with the Circuit Court of Cook County in this action.

    2.    The Class Action Complaint asserts three causes of action against Proctorio, all arising under the Illinois Biometric Information Privacy Act ("BIPA"). Class Action Compl., ¶¶ 59-72. The gravamen of Plaintiff's complaint is that Proctorio failed to comply with certain

provisions of the BIPA, 740 ILCS § 14/1 *et seq.*, by: (1) not informing Plaintiff and the Class Members in writing of a specific purpose and length of time for which their biometric data was being collected, stored, and used; (2) selling, leasing, trading, or otherwise profiting from Plaintiff and the Class Members' biometric data; and (3) disseminating Plaintiff and the Class Members' biometric data. *Id.*

3. This Court is the United States District Court for the district and division in which the State Court Action is pending. Venue for this removal is therefore proper. *See* 28 U.S.C. § 1441(a).

4. Proctorio serves this Notice of Removal within 30 days after being served with process in the State Court Action on June 10, 2021. Proctorio's removal is therefore timely. *See* 28 U.S.C. § 1446(b).

5. Proctorio is serving this Notice of Removal on Plaintiff's counsel and filing a Notice of Filing Notice of Removal with the clerk of the Circuit Court of Cook County, attaching a copy of this Notice of Removal. *See* 28 U.S.C. § 1446(d).

**JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

6. A defendant has a right to remove a state court action to a federal district court where the district has original jurisdiction over the action. *See* 28 U.S.C. § 1441. CAFA extends federal jurisdiction to all putative class actions in which: (a) there are one hundred (100) or more members of the putative class; (b) there is minimal diversity—i.e., at least one (1) member of the proposed class is a citizen of a state different from any defendant; and (c) the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00. *See* 28 U.S.C. §§ 1332(d)(2), (5) and (6). Based on the allegations in Plaintiff's complaint, which Proctorio does not espouse and expressly denies, this case satisfies these requirements.

**I.      This Case Is a "Class Action" Which, As Pled, Involves More Than 100 Putative Class Members.**

7.      For purposes of § 1332(d), a "class action" is defined as "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8.      Plaintiff purports to bring his claims pursuant to 735 ILCS 5/2-801, a state statute authorizing an action by one or more representative persons as a class action. Specifically, Plaintiff alleges that he is bringing claims on behalf of a proposed class of "[a]ll individuals who are Illinois residents who had their biometrics collected, captured, received, or otherwise obtained, by Defendant during the statutory period." Class Action Compl., ¶ 54.

9.      Plaintiff alleges that "the number of persons within the Class is substantial, believed to amount to thousands of persons or more." *See* Class Action Compl., ¶ 55.

**II.     The Parties Are Diverse.**

10.     Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of every State which it has been incorporated and the State in which it has its principal place of business. Proctorio is a Delaware corporation with a principal place of business in Scottsdale, Arizona. *See* Declaration of Mike Olsen (attached as **Exhibit B**), ¶ 3. Proctorio is therefore a citizen of Delaware and Arizona. *See* 28 U.S.C. § 1332(c)(1).

11.     Plaintiff alleges that he is a citizen of Illinois, Class Action Compl., ¶ 16, and he purports to bring claims on behalf of a class that includes only "Illinois residents," *id.*, ¶ 54.

12.     Because Proctorio and Plaintiff are citizens of different states, the parties are diverse for purposes of § 1332(d).

3

13. Because Proctorio is not a citizen of Illinois, there is no basis from which the Court must decline to exercise jurisdiction pursuant to §§ 1332(d)(4)(A) or (B).

## III. The Amount In Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.

14. For purposes of determining the amount in controversy in a class action under CAFA, "the claims of the individual members shall be aggregated." 28 U.S.C. § 1332(d)(6). Proctorio vigorously disputes the validity of Plaintiff's claims and allegations, including but not limited to Plaintiff's and the putative class's entitlement to any damages. Indeed, Proctorio asserts that neither Plaintiff nor any putative class member is entitled to any relief as a matter of law. Nevertheless, for purposes of determining whether federal jurisdiction exists, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

15. Without admitting the validity of Plaintiff's allegations and claims, Plaintiff seeks statutory damages in the amount of $1,000 to $5,000 for himself and each putative class member, for each alleged BIPA violation. Class Action Compl., ¶¶ 65, 69, 72. His Complaint alleges that Proctorio violated the BIPA in multiple ways with regard to each putative class member, including but not necessarily limited to:

- Failing to inform Plaintiff and the Class in writing that their biometrics were being collected, stored, used, and disseminated, *id.*, ¶ 63;

- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used," *id.*; and

- Profiting from the biometrics of Plaintiff and the Class, and reserving the right to sell such information at its discretion, thereby retaining the right to

disclose, redisclose, or otherwise disseminate Plaintiff and the Class's biometric data, *id.*, ¶¶ 68, 72.

16. Based on these allegations and Plaintiff's further allegation that the class consists of "thousands" of individuals, which allegations Proctorio expressly deny, Plaintiff's putative class claims exceed $5,000,000.00 in alleged value, in the aggregate, exclusive of interest and costs.

## NON-WAIVER OF DEFENSES

17. By this Notice of Removal, Proctorio does not waive any defenses that may be available, including, without limitation, Plaintiff's failure to state a claim or any other defense.

18. By this Notice of Removal, Proctorio does not admit any of the allegations in Plaintiff's Class Action Complaint.

## CONCLUSION

19. For all the foregoing reasons, removal is proper and this Court has original jurisdiction over this case.

WHEREFORE, notice is hereby given that this action is removed from the Illinois Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division.

Date: July 7, 2021

                    Respectfully submitted,

                    By: _____

                    John F. Grady
                    GRADY BELL LLP
                    53 W. Jackson Blvd., Ste. 1250
                    Chicago, Illinois 60604
                    312-939-0964
                    jgrady@gradybell.com

                    DORSEY & WHITNEY LLP
                    Daniel Goldberger
                    *(Application for Admission*
                    *Pro Hac Vice Forthcoming)*
                    Ryan Mick
                    *(Application for Admission*
                    *Pro Hac Vice Forthcoming)*
                    Trevor Brown
                    *(Application for Admission*
                    *Pro Hac Vice Forthcoming)*
                    Suite 1500, 50 South Sixth Street
                    Minneapolis, MN 55402-1498
                    Telephone: (612) 340-2600

                    *Attorneys for Defendant*
                    *Proctor.io Incorporated.*