CT Corporation

**Service of Process Transmittal**
06/10/2021
CT Log Number 539710720

**TO:** Mike Olsen
Proctor.Io Incorporated
7340 E MAIN ST STE 203
SCOTTSDALE, AZ 85251-4479

**RE:** **Process Served in Illinois**

**FOR:** PROCTOR.IO INCORPORATED  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHARLES HINES, individually and on behalf of all others similarly situated, Pltf. vs. Proctor.io Incorporated, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH02709 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/10/2021 at 03:21 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780134008440<br><br>Image SOP<br><br>Email Notification,  Mike Olsen  mike@proctorio.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**          Thu, Jun 10, 2021

**Server Name:**   Sheriff Drop

| | |
|---|---|
| Entity Served | PROCTOR.IO INCORPORATED |
| Case Number | 2021CH02709 |
| Jurisdiction | IL |





Return Date: No return date scheduled
Hearing Date: 10/1/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

FILED DATE: 6/3/2021 3:40 PM   2021CH02709

\* 5 0 0 8 1 9 6 6 \*

FILED
6/3/2021 3:40 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02709

13560143

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **Summons - Alias Summons** | | **(03/15/21) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

**Charles Hines**

_____

Plaintiff(s)

v.

**Proctor.io Incorporated**

_____

Defendant(s)

Case No.   2021-CH-02709 _____

Proctor.io Incorporated,
c/o C T CORPORATION SYSTEM
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Address of Defendant(s)

Please serve as follows (check one):   ◯ Certified Mail   ◉ Sheriff Service   ◯ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** Your appearance date is **NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**



Summons - Alias Summons

**(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 64846
○ Pro Se 99500

Name: J. Dominick Larry, Nick Larry Law LLC

Atty. for (if applicable):

Plaintiff

Address: 8 S Michigan Ave, Suite 2600

City: Chicago

State: IL    Zip: 60603

Telephone: 773.694.4669

Primary Email: nick@nicklarry.law

Witness date _____

6/3/2021 3:40 PM IRIS Y. MARTINEZ

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or oth...

---

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 6/3/2021 3:40 PM 2021CH02709



* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 3:40 PM   2021CH02709

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Return Date: No return date scheduled
Hearing Date: 10/1/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL



\* 5 0 0 8 1 9 6 6 \*
FILED
6/3/2021 3:40 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02709

13560143

FILED DATE: 6/3/2021 3:40 PM 2021CH02709

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Charles Hines

_____
                        Plaintiff(s)

              v.

Proctor.io Incorporated

_____
                     Defendant(s)

Proctor.io Incorporated,
c/o C T CORPORATION SYSTEM
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604
_____
          Address of Defendant(s)

Case No.   2021-CH-02709 _____

Please serve as follows (check one): ○ Certified Mail  ◉ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3



Summons - Alias Summons                                          • (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 64846

○ Pro Se 99500

Name: J. Dominick Larry, Nick Larry Law LLC

Atty. for (if applicable):

Plaintiff

Address: 8 S Michigan Ave, Suite 2600

City: Chicago

State: IL    Zip: 60603

Telephone: 773.694.4669

Primary Email: nick@nicklarry.law

Witness date _____

6/3/2021 3:40 PM IRIS Y. MARTINEZ

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or oth

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 6/3/2021 3:40 PM 2021CH02709



FILED DATE: 6/3/2021 3:40 PM   2021CH02709

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
              OR
          ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION

**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE

**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD

**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM

**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 10/1/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

\* 5 0 0 8 1 9 6 6 \*

FILED
6/3/2021 12:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02709

13554004

FILED DATE: 6/3/2021 12:21 PM  2021CH02709

Chancery Division Civil Cover Sheet
General Chancery Section

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Charles Hines

                         Plaintiff

v.

Case No: __2021CH02709__

Proctor.io Incorporated

                         Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | |
|---|---|---|---|
| 0005 | ☐ Administrative Review | 0017 | ☐ Mandamus |
| 0001 | ☑ Class Action | 0018 | ☐ Ne Exeat |
| 0002 | ☐ Declaratory Judgment | 0019 | ☐ Partition |
| 0004 | ☐ Injunction | 0020 | ☐ Quiet Title |
| | | 0021 | ☐ Quo Warranto |
| 0007 | ☐ General Chancery | 0022 | ☐ Redemption Rights |
| 0010 | ☐ Accounting | 0023 | ☐ Reformation of a Contract |
| 0011 | ☐ Arbitration | 0024 | ☐ Rescission of a Contract |
| 0012 | ☐ Certiorari | 0025 | ☐ Specific Performance |
| 0013 | ☐ Dissolution of Corporation | 0026 | ☐ Trust Construction |
| 0014 | ☐ Dissolution of Partnership | 0050 | ☐ Internet Take Down Action (Compromising Images) |
| 0015 | ☐ Equitable Lien | | |
| 0016 | ☐ Interpleader | | ☐ Other (specify) _____ |

○ Atty. No.: __64846__    ○ Pro Se 99500

Atty Name: __J. Dominick Larry, Nick Larry Law LLC__

Atty. for: __Plaintiff Charles Hines__

Address: __8 S Michigan Ave, Suite 2600__

City: __Chicago__    State: __IL__

Zip: __60603__

Telephone: __773.694.4669__

Primary Email: __nick@nicklarry.law__

Pro Se Only: | I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 1

Hearing Date: 10/1/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

6/3/2021 12:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02709

FILED DATE: 6/3/2021 12:21 PM 2021CH02709

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CHARLES HINES, *individually*
*and on behalf of all others*
*similarly situated,*

        Plaintiff,

        v

PROCTOR.IO INCORPORATED,

        Defendant.

Case No. 2021CH02709

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Charles Hines ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through undersigned counsel, brings this class action lawsuit for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), against Defendant Proctor.io Incorporated ("Proctorio"). Plaintiff alleges the following facts based upon personal knowledge and/or the investigation of his counsel:

### NATURE OF THE ACTION

1.    Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Proctorio in capturing, collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "biometrics") without first obtaining informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1] A "biometric identifier" is defined as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10

[2] "Biometric information" means "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10



* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 12:21 PM   2021CH02709

2.      Proctorio is an online test proctoring company that provides services for over 1000 institutions, serving over two million weekly test-takers.

3.      In the spring of 2020, thousands of Illinois students used Proctorio's software for the first time, as the Covid-19 pandemic forced them to take classes and tests from home. In response, many schools, including Plaintiff's, contracted with "third-party proctoring" services such as Defendant to administer these tests. As such, Plaintiff and other students were given no choice but to use Defendant's software in order to take their tests and continue their education.

4.      Proctorio's software monitors students "by webcam, microphone, browser, desktop, or any other means necessary to uphold integrity."[3]

5.      One way in which it monitors students is by scanning their facial geometry, and by using constant monitoring of the student's facial geometry to confirm the identity of the test taker. Students must scan an official ID and submit to additional, in-person scans, via their computer's webcam. *E.g.*:



*Figure 1*

---

[3] https://proctorio.com/privacy-policy (last accessed June 2, 2021)

2



FILED DATE: 6/3/2021 12:21 PM 2021CH02709



*Figure 2*

6.      Proctorio's scanning does not end there.  During the course of testing, Proctorio's technology consistently scans the student's face, measuring his or her facial geometry, *inter alia*, head movements, eye movements, and mouth movements, as well as the student's voice and location.

7.      However, these biometric data points are acquired by Proctorio in violation of Illinois law. BIPA has strict requirements regarding what disclosures must be made and how consent must be obtained *before* biometrics are obtained from the user.  Proctorio does not provide sufficient disclosures and does not obtain consent. Further, Proctorio does not meaningfully explain how it retains the biometrics it obtains.

8.      Accordingly, Proctorio's conduct violates BIPA.

9.      In promulgating BIPA over a decade ago, the Illinois Legislature declared that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely

3



FILED DATE: 6/3/2021 12:21 PM  2021CH02709

to withdraw from biometric-facilitated transactions." *Id.*

10.    In recognition of these and other concerns over the security of individuals'

biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private

entity—like Proctorio—may *not* obtain and/or possess an individual's biometrics unless it first

establishes a written and publicly-available retention schedule. 740 ILCS 14/15(a).

Additionally, it must: (1) inform the subject or the subject's legally authorized representative in

writing that a biometric identifier or biometric information is being collected or stored; (2)

inform the subject or the subject's legally authorized representative in writing of the specific

purpose and length of term for which a biometric identifier or biometric information is being

collected, stored, and used; and (3) receive a written release executed by the subject of the

biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b). The entity is expressly prohibited from selling, leasing, trading or otherwise

profiting from the individual's biometrics. 740 ILCS 14/15(c). Nor may the entity disclose,

redisclose, or otherwise disseminate an individual's biometrics absent written consent. 740 ILCS

14/15(d).

11.    Further, the entity must store, transmit and protect an individual's biometric

identifiers and biometric information using the same standard of care in the industry and in a

manner at least as protective as the means used to protect other confidential and sensitive

information. 740 ILCS 14/15(e).

12.    In direct violation of BIPA, Proctorio is actively collecting, capturing, storing,

using, and profiting from the facial geometry and associated personally identifying information

(including biometrics) of hundreds of thousands of students in Illinois, without providing notice,

obtaining informed written consent, or publishing data retention policies.

* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 12:21 PM   2021CH02709

13. Plaintiff, on behalf of himself and the class as defined herein, brings this action to prevent Proctorio from further violating the privacy rights of citizens in the state of Illinois, and to recover statutory damages for Proctorio's unauthorized collection, capture, storage and use of individuals' biometrics in violation of BIPA.

## JURISDICTION AND VENUE

14. Defendant Proctorio is subject to the personal jurisdiction of this Court because it is registered to do business with the State of Illinois, regularly transacts business within the State of Illinois, and has purposefully availed itself of the laws of Illinois for the specific transactions at issue. Further, the biometrics that give rise to this lawsuit (1) belong to Illinois residents, and (2) were collected by Defendant from students taking exams in Illinois.

15. Venue is proper in this County pursuant to 735 ILCS 5/2-102(a) because Defendant does substantial business in this County and a substantial part of the events giving rise to Plaintiff's claims took place within this County because all of Plaintiff's biometrics were collected in this County.

## PARTIES

16. Plaintiff Charles Hines is, and has been at all relevant times, a resident and citizen of Illinois, and a student at Miami University.

17. Defendant Proctorio is a software corporation based in Scottsdale, Arizona. Proctorio does business in the State of Illinois. Specifically, Proctorio contracts with educational institutions to provide its online proctoring software for exams taken by students within the State of Illinois.



* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 12:21 PM   2021CH02709

## BACKGROUND

### I.    The Illinois Biometric Information Privacy Act

18.    In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.

19.    A "biometric identifier" is defined as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

20.    In turn, "biometric information" means "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

21.    BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometrics, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15 (b).

22.    Section 15(a) of BIPA also provides that:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining



FILED DATE: 6/3/2021 12:21 PM   2021CH02709

> such identifiers or information has been satisfied or within 3 years
> of the individual's last interaction with the private entity,
> whichever occurs first. Absent a valid warrant or subpoena issued
> by a court of competent jurisdiction, a private entity in possession
> of biometric identifiers or biometric information must comply with
> its established retention schedule and destruction guidelines.

*Id.* at 14/15(a).

23.     Further, BIPA prohibits a "private entity in possession of a biometric identifier or biometric information" from "sell[ing], leas[ing], trad[ing], or otherwise profit[ing] from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

24.     Nor may a private entity "disclose, redisclose, or otherwise disseminate an individual's biometrics absent written consent." 740 ILCS 14/15(d).

25.     Finally, BIPA places significant security requirements on private entities that acquire individuals' biometrics, stating that they must: "(1) store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry; and (2) store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e).

## II.   Proctorio's BIPA-Violative Conduct

### A.   Proctorio's Use of OpenCV for Facial Detection, Facial Landmark Detection, and Facial Recognition.

#### i.   Facial Detection, Generally

26.     Facial detection "is the first and essential step for face recognition," and is used as a preliminary step to detect faces in images. It is a part of object detection and is used in many



* 5 0 0 8 1 9 6 6 *

areas, including biometrics.[4] Facial detection "is used to detect faces in real time for surveillance and tracking of [a] person or objects."[5]

27. Proctorio's biometric scanning technology relies on OpenCV, an open-source computer vision software library.[6] Documentation of OpenCV's facial detection technology explains that it relies on scans and analyses of a subject's facial geometry.[7]

28. Specifically, facial detection technology uses algorithms and machine learning to find human faces within larger images.[8] Facial detection algorithms like Proctorio's start by scanning the collected image for human eyes – one of the easiest features to detect. The algorithm then attempts to detect eyebrows, the mouth, nose, nostrils, and the iris.[9] *E.g.*:



*Figure 3*[10]

---

[4] *See,* Divyanch Dwivedi, *Face Detection for Beginners*, Towards Data Science (available at https://towardsdatascience.com/face-detection-for-beginners-e58e8f21aad9) (last accessed June 2, 2021)
[5] *Id.*
[6] *See* Tod Feathers, *Proctorio Is Using Racist Algorithms to Detect Faces*, VICE, (available at https://www.vice.com/en/article/g5gxg3/proctorio-is-using-racist-algorithms-to-detect-faces) (last accessed June 2, 2021)
[7] *See*, Otulagun Daniel Oluwatosin, *Facial Landmarks and Face Detection in Python with OpenCV*, Medium, (available at https://medium.com/analytics-vidhya/facial-landmarks-and-face-detection-in-python-with-opencv-73979391f30e#:~:text=Facial%20landmark%20detection%20is%20the,Nose%2C%20Mouth%20and%20Jaw%20silhouette) (last accessed June 2, 2021)
[8] *See, generally*, Corrine Bernstein, *Face Detection*, Search Enterprise AI (available at https://searchenterpriseai.techtarget.com/definition/face-detection) (last accessed June 2, 2021)
[9] *Id.*; *see, also*, OpenCV, *Cascade Classifier*, (available at https://docs.opencv.org/3.4/db/d28/tutorial_cascade_classifier.html) (last accessed June 2, 2021)
[10] Keval Dohsi, *Face Detection using Raspberry Pi and Smartphone*, Hackster.io (available at

FILED DATE: 6/3/2021 12:21 PM   2021CH02709



FILED DATE: 6/3/2021 12:21 PM    2021CH02709

29.    Once the algorithm classifies a sufficient number of data points in the scanned

face as belonging to a face (i.e., eyes, mouth, nose, nostrils, and iris), it applies additional tests to

confirm that it has, in fact, detected a face.[11]



*Figure 4*[12]

30.    Once trained, the model extracts specific features, which are then stored in a file

so that features from new images can be compared with the previously stored features at various

stages. If the image under study passes through each stage of the feature comparison, then a face

has been detected and operations can proceed.[13]

### ii.    Facial Landmark Detection

31.    The above-described procedures rely on "facial landmark detection," generally, in

order to identify the specific landmarks on a face (eyes, nose, cheeks, etc.) for facial detection.[14]

But facial landmark detection is capable of even more sophisticated analyses of the facial

geometry scans it acquires, enabling Proctorio to uniquely identify actions taken by the scanned

---

https://www.hackster.io/keval-doshi/face-detection-using-raspberry-pi-and-smartphone-19f1f2) (last
accessed June 2, 2021) (describing how to create facial detection technology using OpenCV)
[11] *See, generally*, Bernstein, *Face Detection*, fn 8, *supra*.
[12] OpenCV, *Cascade Classifier*, fn 9, *supra*.
[13] *See, generally*, Bernstein, *Face Detection*, fn 8, *supra*.
[14] *See*, Oluwatosin, *Facial Landmarks and Face Detection in Python with OpenCV*, fn 7, *supra*.

* 5 0 0 8 1 9 6 6 *

individual.[15]  Use of facial landmark detection is critical for technology called "gaze detection," which is employed by Proctorio in the course of providing its service.  Proctorio explains that gaze detection is meant to answer the question "If there is a face in this picture, where is it looking?"[16]  Like facial detection more broadly, facial landmark detection necessarily relies on expansive collection of facial data points (*i.e.*, facial geometry), and analysis of same in order to divine unique attributes of the scanned individual:



**Facial Landmark Detection Output**

*Figure 5*[17]

// 

// 

// 

---

[15] *Id.*

[16] Proctorio, *Response to Letter from Senators Blumenthal, Booker, Smith, Van Hollen, Warren, and Wyden*, at p. 20 (Jan. 7, 2021)

[17] *See,* Oluwatosin, *Facial Landmarks and Face Detection in Python with OpenCV*, fn. 7, *supra.*

10

* 5 0 0 8 1 9 6 6 *



**Zoomed output**

*Figure 6*[18]

### iii. Proctorio Admits That Its Technology is Used for Facial Recognition

32.　　Apart from its scans and analyses of facial geometry for facial detection and gaze detection, described *supra*, Proctorio further admitted that its biometric scans are employed for purposes of facial recognition—that is, scanning facial geometry not only to identify the constituent components of a given face, but also to uniquely identify the individual associated with that face.

33.　　For example, in Tweets from 2019, Proctorio stated that it "is the first and only proctoring solution that combines facial recognition technology and machine learning to eliminate any human error or bias.　We utilize this technology to protect academic integrity, and expand learning opportunities globally."

---

[18] *See,* Oluwatosin, *Facial Landmarks and Face Detection in Python with OpenCV,* fn. 7, *supra.*

11

FILED DATE: 6/3/2021 12:21 PM    2021CH02709

* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 12:21 PM   2021CH02709



*Figure 7*[19]

And further that "Proctorio protects academic integrity by using facial recognition and machine

learning technology for ID Verification."

---

[19] https://twitter.com/Linkletter/status/1324467982622355456/photo/1 (last accessed June 2, 2021)



* 5 0 0 8 1 9 6 6 *



*Figure 8*[20]

### B. Proctorio's Application of Its Facial-Geometry-Scanning Software in the Proctoring Context

34.     Immediately prior to taking an exam and continuing throughout the entire time a student is taking an exam, Proctorio uses its software to scan and monitor the student's face. Proctorio's biometric-scanning technology "is used to see if a test taker is looking away from the screen for an extended period of time, if there are other people present in the test-taking environment, or if the test taker has left the exam for any reason."[21]

35.     As discussed above, Proctorio's software obtains the student's biometrics by, *inter alia*, scanning the student's facial geometry. Critically, these scans commence prior to any notice—much less written consent—on the part of the student. Publicly-posted walkthroughs of

---

[20] https://twitter.com/Linkletter/status/1324467982622355456/photo/2 (last accessed June 2, 2021)
[21] https://proctorio.com/frequently-asked-questions (last accessed June 2, 2021)

13

* 5 0 0 8 1 9 6 6 *

the Proctorio sign-on process[22] shows that before students are presented with any type of

disclosure, they are required to scan an ID card containing their picture:



*Figure 9*

36.    Following the scan of one's ID card, the student must scan his or her facial

geometry via his or her device's camera in real time, and that image is then checked against the

image in the ID card. Thus, Proctorio's software uses biometrics to determine if the test taker

being filmed is the same person whose picture is in the student ID. A sample screenshot looks

like this:

---

[22] https://www.youtube.com/watch?v=0SppeJs_ziw "Proctorio Demo," YouTube, posted by John Ryan
on June 16, 2020 (last accessed June 2, 2021) (note that this process is identical for other schools; *see,
e.g.,* https://www.youtube.com/watch?v=X12bxgDwzb4, "Proctorio Test Instructions," YouTube, posted
by Travis Read, September 9, 2020) (last accessed June 2, 2021)

FILED DATE: 6/3/2021 12:21 PM    2021CH02709

* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 12:21 PM   2021CH02709



*Figure 10*

37.　　　However, the scans (which occur immediately prior to the commencement of a

student's exam) are not acquired with written consent.  Instead, a student first sees the following:

*Figure 11*

38.　　　Scrolling down, the user clicks a button stating "Start exam pre-checks":



* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 12:21 PM  2021CH02709



*Figure 12*

39.     Then the student goes through the facial geometry scans described in paragraphs

35–36, *supra*, and only then is presented with a screen that purports to be an agreement:



*Figure 13*

40.     Thus, prior to agreeing even *purportedly* to any terms (which Plaintiff asserts do

not create an enforceable agreement sufficient to satisfy BIPA's requirements), a student's

biometrics already have been scanned.

16



\* 5 0 0 8 1 9 6 6 \*

FILED DATE: 6/3/2021 12:21 PM 2021CH02709

41.     Nothing in either Proctorio's Terms of Service[23] nor its Privacy Policy[24] can be said put a student on notice of Proctorio's biometric-scanning practices, and thus cannot form the basis of informed written consent, as required under BIPA.  Indeed, there is no mention of the acquisition of biometrics, at all, in either document.

42.     Proctorio's terms are further BIPA-violative, in that they seek to allow Proctorio to sell students' biometrics. *E.g.*, Proctorio's Privacy Policy states, in relevant part:

> **Disclosure.**
>
> We do not disclose your Personally Identifiable Information except in the following limited circumstances:
>
> …
>
> **Business Transfers:** If Proctorio is involved in a bankruptcy, merger, acquisition, reorganization or sale of assets, your information may be sold or transferred as part of that transaction. The promises in this Privacy Policy will apply to your information as transferred to the new entity.[25]

43.     Proctorio's reservation of rights to sell or transfer students' information directly contravenes BIPA's instruction that entities may not "disclose, redisclose, or otherwise disseminate an individual's biometrics absent written consent."  740 ILCS 14/15(d).

**44. Plaintiff's Experience**

45.     Plaintiff was required to use Proctorio's software for multiple exams during the 2019–2021 school years.

46.     Plaintiff is an Illinois resident who used Proctorio's software while in the state of Illinois, with full knowledge of Proctorio. Plaintiff was required by his university to provide his residence during remote-learning classes and exams, as a result of the COVID-19 pandemic, and

---

[23] https://proctorio.com/terms (last accessed June 2, 2021)
[24] Privacy Policy, fn. 3, *supra.*
[25] Privacy Policy, fn. 3, *supra.*



this knowledge was imputed to Proctorio. More importantly, Proctorio identifies students' physical locations in the ordinary course of its business, immediately prior to the students' exam commencing. *See*, Figure 5, *supra* ("The following information will be collected during the duration of the exam:…Your physical location.").

47.     In the course of taking his exams, Plaintiff was required to undergo Proctorio software's scanning procedures in a manner substantially similar—if not identical—to the processes set forth in paragraphs 34–43.

48.     In so doing, Defendant's technology scanned, captured, and collected Plaintiff's facial geometry—along with any other biometrics—and stored this data.

49.     Defendant did not inform Plaintiff in writing that it was capturing and collecting his biometrics, the purpose and length of time for such collection, nor did Defendant obtain Plaintiff's written consent before capturing his biometrics. Plaintiff never consented, agreed, or gave permission—written or otherwise—to Defendant for the collection or storage of Plaintiff's biometrics.

50.     In point of fact, even if Plaintiff *had* provided consent—he did not—it would not be sufficient pursuant to BIPA. As Plaintiff is a student required to take his tests online and required to use the Proctorio software to do so, he never could have given sufficient consent regardless of what disclosures were provided. Plaintiff, and other students using Proctorio's software, were faced with either providing their biometrics to Proctorio or taking a zero on each exam.

51.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or to prevent the collection, storage or use of his biometrics.

FILED DATE: 6/3/2021 12:21 PM   2021CH02709



* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 12:21 PM 2021CH02709

52.     Defendant purports to reserve the right to disclose Plaintiff's biometrics, in direct contravention of BIPA.

53.     By collecting his biometrics without Plaintiff's consent, Defendant invaded Plaintiff's statutorily protected right to privacy in his biometrics.

## CLASS ALLEGATIONS

54.     Plaintiff brings this action pursuant to Illinois Code of Civil Procedure Section 2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who are Illinois residents who had their biometrics
> collected, captured, received, or otherwise obtained, by Defendant
> during the statutory period.

55.     **Numerosity**: the number of persons within the Class is substantial, believed to amount to thousands of persons or more. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

56.     **Commonality & Predominance**: there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) whether Defendant captured, collected, or otherwise obtained Plaintiff's
and the Class' biometrics;

(b) whether Defendant properly informed Plaintiff and the Class that it
captured, collected, used, and stored their biometrics;

19



* 5 0 0 8 1 9 6 6 *

(c) whether Defendant obtained a written release to capture, collect, use, and store Plaintiff's and the Class' biometrics;

(d) whether Defendant sells, leases, trades, or profits from Plaintiff's and the Class's biometrics;

(e) whether Defendant discloses, rediscloses, or otherwise disseminates Plaintiff's and the Class's biometrics absent consent; and

(f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

57.     **Typicality and Adequate Representation**: Plaintiff, who like other members of the putative class, had his biometrics captured and retained by Defendant, has claims that are typical of the class. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex privacy class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

58.     **Propriety of Class Treatment**: a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to invest the time and expense necessary to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying,

20



* 5 0 0 8 1 9 6 6 *

inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties

and to the court system resulting from multiple trials of the same factual and legal issues. By

contrast, the maintenance of this action as a class action presents few management difficulties,

conserves the resources of the parties and of the court system and protects the rights of each

member of the Class. Plaintiff anticipates no difficulty in the management of this action as a

class action. Class-wide relief is essential to compliance with BIPA.

**CLAIMS FOR RELIEF**

**COUNT I**
**VIOLATION OF 740 ILCS 14/15(b)**
***Failure to Obtain Informed Written Consent***
***and Release Before Obtaining Biometrics***

59.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60.     BIPA requires companies to obtain informed written consent from employees

before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity

to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a

customer's  biometric identifiers or biometric information unless [the entity] first: (1) informs the

subject…in writing that a biometric identifier or biometric information is being collected or

stored; (2) informs the subject…in writing of the specific purpose and length of term for which a

biometric identifier or biometric information is being collected, stored, and used; **and** (3)

receives a written release executed by the subject of the biometric identifier or biometric

information…" 740 ILCS 14/15(b) (emphasis added).

61.     Defendant fails to comply with these BIPA mandates.

62.     Defendant systematically and automatically captured, collected, used, stored, and

disseminated Plaintiff's and the Class's biometrics without   first obtaining the written release

required by 740 ILCS 14/15.

21

FILED DATE: 6/3/2021 12:21 PM   2021CH02709



63.    Defendant never informed Plaintiff and the Class in writing that their biometrics were being collected, stored, used, and disseminated, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometrics were being collected, stored, used, and disseminated as required by 740 ILCS 14/15.

64.    By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class's biometric s as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometrics as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

65.    On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the capture, collection, storage, use and dissemination of biometrics as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA; and (4) reasonable attorneys' fees and costs and other litigation expenses. *See* 740 ILCS 14/20.

**COUNT II**
**VIOLATION OF 740 ILCS 14/15(c)**
*Selling, Leasing, Trading, or Otherwise Profiting From*
*a Person's or a Customer's Biometrics.*

66.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.    BIPA expressly prohibits a "private entity in possession of a biometric identifier or biometric information" from "sell[ing], leas[ing], trad[ing], or otherwise profit[ing] from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

68.    As detailed herein, not only does Proctorio explicitly profit from the biometrics of Plaintiff and Class members, it further reserves the right to sell such information at its discretion, in direct contravention of the protections set forth in BIPA.

FILED DATE: 6/3/2021 12:21 PM   2021CH02709



\* 5 0 0 8 1 9 6 6 \*

FILED DATE: 6/3/2021 12:21 PM 2021CH02709

69.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometrics as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA; and (4) reasonable attorneys' fees and costs and other litigation expenses. *See* 740 ILCS 14/20.

**COUNT III**
**VIOLATION OF 740 ILCS 14/15(d)**
*Disclosing, Redisclosing, Or Otherwise Disseminating*
*a Person's or a Customer's Biometrics.*

70.     BIPA expressly states that no private entity may "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction." 740 ILCS 14/15(d).

71.     As detailed herein, Proctorio explicitly reserves the right to sell—or otherwise convey—individuals' biometrics, at its discretion, in direct contravention of the protections set forth in BIPA.

72.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by



* 5 0 0 8 1 9 6 6 *

requiring Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometrics as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA; and (4) reasonable attorneys' fees and costs and other litigation expenses. *See* 740 ILCS 14/20.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA, or alternatively, statutory damages of $1,000.00 for each and every negligent violation of BIPA;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to comply    with BIPA;

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

FILED DATE: 6/3/2021 12:21 PM   2021CH02709

\* 5 0 0 8 1 9 6 6 \*

Dated: June 3, 2021

Respectfully submitted,

s/ J. Dominick Larry
One of Plaintiff's Attorneys

J. Dominick Larry
NICK LARRY LAW LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
T: 773.694.4669
F: 773.496.4691
nick@nicklarry.law
Firm ID: 64846

Randy Pulliam (*pro hac vice* to be sought)
CARNEY, BATES, AND PULLIAM PLLC
519 W. 7th St.
Little Rock, AR 72201
T: 501.312.8500
rpulliam@cbplaw.com

*Counsel for Plaintiff and the proposed class*

FILED DATE: 6/3/2021 12:21 PM 2021CH02709

Return Date: No return date scheduled
Hearing Date: 10/1/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
Cook County, IL

* 5 0 0 8 1 9 6 6 *
FILED
6/3/2021 3:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02709

13559635

FILED DATE: 6/3/2021 3:32 PM   2021CH02709

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CHARLES HINES, individually and on
behalf of all others similarly situated,

    *Plaintiff,*

        v.

PROCTOR.IO INCORPORATED

    *Defendant.*

Case No. 2021-CH-02709

Hon. Alison C. Conlon

Calendar 4

Courtroom 2408

### MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT

Plaintiff Charles Hines, through counsel, moves this Court for an order certifying this case as a class action under Illinois Code of Civil Procedure Section 2-801. Plaintiff requests that the Court enter and continue the motion until after discovery relating to class certification, at which time Plaintiff will submit a more detailed supporting memorandum of points and authorities.[1]

### INTRODUCTION

The Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA") imposes a notice-and-consent requirement on companies possessing biometric data like fingerprints, voiceprints, and faceprints. Defendant collected and disclosed Plaintiff's biometrics without proper notice and consent. (*See* Compl. ¶¶ 45–53.) Accordingly, Plaintiff sued seeking statutory damages as authorized by BIPA.

---

[1] Plaintiff files this motion before discovery to prevent Defendant from attempting to moot Plaintiff's representative claims by tendering an offer for the full amount of their individual damages while leaving the proposed Class without relief and subject to further and ongoing harm. *See Joiner v. SVM Mgmt.*, 2020 IL 124671, ¶ 58 (2020) (holding "that an effective tender made before a named plaintiff purporting to represent a class files a class-certification motion satisfies the named plaintiff's individual claim and moots her interest in the litigation.").

* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 3:32 PM 2021CH02709

Plaintiff's claims should be certified on behalf of the class proposed below. Defendant acted uniformly toward the Class: it scanned every member's face geometry, measured head, eye, and mouth movements using the scans of face geometry, compared scans of face geometry to identification credentials to verify the members' identities, and collected members' voice and location; it failed to inform the members or obtain their consent prior to doing so; it failed to publish guidelines for retaining and destroying the information collection and captured; and it fails to protect members' personally identifiable information from transfer or sale. (*See* Compl. ¶¶ 26–43.) With such uniformity, certification is proper under Section 2-801.

Accordingly, Plaintiff seeks to certify a class of "All individuals who are Illinois residents who had their biometrics collected, captured, received, or otherwise obtained, by Defendant during the statutory period."

## FACTS

Defendant Proctorio is a software company based in Scottsdale, Arizona, and contracts with educational institutions to provide its online proctoring software for exams taken by students within the State of Illinois. (Compl. ¶ 17.) At all relevant times, Plaintiff was a college student at Miami University, and was residing in the state of Illinois. (*Id.* ¶ 16.) Defendant contracted with Miami University to provide proctoring services. (*Id.* ¶ 45.) The facial detection and recognition system was employed in Defendant's online exam proctoring software. (collectively, the "Biometric System"). (*Id.* ¶¶ 47–48.)

In addition to collecting scans of facial geometry, the Biometric System evaluated those scans to detect movement in the members' heads and faces and to detect whether students' gaze was directed at the computer used for taking an exam. (*Id.* ¶ 31.) The Biometric System also

2



* 5 0 0 8 1 9 6 6 *

engaged in identity confirmation by means of comparing a scan of students' face geometry to a picture of students' identification credentials. (*Id.* ¶ 36.)

Defendant did not explain the Biometric System to Illinois students using its software. (Compl. ¶ 35.) Defendant did not tell Illinois students how it used data collected through the Biometric System. (*Id.* ¶ 41.) Defendant did not tell the Illinois students how long it kept the biometric data. (*Id.*) Defendant did not obtain Illinois students' informed consent prior to Defendant's scans of their facial geometry or to Defendant's collection of the identifying data derived from them. (*Id.* ¶¶ 34–43.) Illinois students did not consent to Defendant's disclosure of information collected through the Biometric System.

## ARGUMENT

Class certification is governed by Illinois Code of Civil Procedure Section 2-801. Under that rule, a certifying Court must find:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As detailed below, the proposed Class passes the test.

**A.**    **The Class is sufficiently numerous.**

A class is "so numerous that joinder of all members is impracticable," *id.* if "such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast,

FILED DATE: 6/3/2021 3:32 PM  2021CH02709



* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 3:32 PM    2021CH02709

multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (Ill. App. Ct. 1991).

Here, Defendant requires students using its exam software to submit to a scan of their facial geometry. (Compl. ¶ 36.) Given the number of students using Defendant's online exam proctoring software in Illinois, the multi-year period involved, and multiple exams taken per semester, the Class likely consists of thousands of students, if not more. (Compl. ¶ 55.) Thus, the Court has "an ample basis" to find that "joinder of all members is impracticable." *Carrao v. Health Care Serv. Corp.*, 118 Ill. App. 3d 417, 427 (Ill. App. Ct. 1983); *Maxwell v. Arrow Fin. Servs.*, No. 03-cv-1995, 2004 WL 719278, at *2 (N.D. Ill. Mar. 31, 2004) ("The court is permitted to make common sense assumptions that support a finding of numerosity.").

**B.    Common issues predominate.**

Common questions must "predominate over any questions affecting only individual [class] members." 735 ILCS 5/2-801(2). Common questions exist when the members are aggrieved by similar misconduct. *Miner v. Gillette Co.*, 87 Ill. 2d 7, 19 (Ill. 1981). They predominate when they "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (cleaned up).

BIPA requires companies possessing biometrics to publish a written policy containing a biometric retention schedule and destruction guidelines. 740 ILCS 14/15(a). It also prohibits biometric collection without first informing the subject of both the collection and of the purpose and length of time for which the biometrics will be stored and obtaining a written release from the subject. 740 ILCS 14/15(b). And BIPA bars disclosure of biometrics without informed, written, consent. 740 ILCS 14/15(d).

* 5 0 0 8 1 9 6 6 *

FILED DATE: 6/3/2021 3:32 PM   2021CH02709

BIPA claims naturally raise common questions: Did Defendant collect the Class's biometric identifiers? What about their biometric information? Did Defendant disclose that information? Did Defendant abide by BIPA's notice-and-consent regime? If not, was that failure intentional or reckless, or merely negligent? (*See* Compl. ¶¶ 56.a–56.f.)

Defendant's uniform conduct dictates common answers to those questions. Defendant scanned each member's facial geometry, which is definitionally a "biometric identifier." *See* 740 ILCS 14/10. And Defendant collected those scans to compare to verifiable credentials to confirm identity, to uniquely identify facial movements, and more broadly to identify the presence of Plaintiff and Class members via its software. (Compl. ¶¶ 23–43.) Plaintiff likewise submitted to the same scan of facial geometry and identity verification as other Class members, (Compl. ¶¶ 45–53, 57.), so Defendant's failure to comply with the notice-and-consent provisions (and its state of mind in so doing) can be adjudicated once and for all. Common issues therefore predominate as required.

**C.      Plaintiff is an adequate representative.**

To ensure "that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim," *Purcell and Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069 1078 (Ill. Ct. App. 1988), a movant must show that they and their counsel "will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3).

Here, Plaintiff has retained counsel experienced in biometric class actions. (Compl. ¶ 57.) Plaintiff and Plaintiff's counsel are committed to vigorously litigating this action on the Class's behalf and have the resources to do so. (*Id.*) Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Class. (*Id.*) Plaintiff will therefore adequately represent the Class.

* 5 0 0 8 1 9 6 6 *

**D.     Class proceedings are appropriate.**

Finally, to show class proceedings appropriate for resolving the case, 735 ILCS 5/2-801(4), Plaintiff must show that a class action "(1) can best secure the economies of time, effort, and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App.3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Id.* at 204.

Here, class litigation would serve the ends of equity and justice by deciding the dispositive issues in one fell swoop, leading to either total and final vindication for Defendant, or due compensation for each student affected by Defendant's conduct. Sealing the deal is the fact that the Class members' claims are too small relative to the resources necessary to pursue their claims. (Compl. ¶ 58.) Thus, the "class action is the only practical means for class members to receive redress." *Gordon*, 224 Ill. App. 3d at 204 (quotation omitted).

## CONCLUSION

As detailed above, this case is appropriate for class certification. Discovery will prove as much. Accordingly, Plaintiff moves the Court to: (1) enter and reserve ruling on this motion; (2) allow for discovery on class-certification issues; (3) grant Plaintiff leave to file an amended supporting memorandum upon completion of class discovery; (4) certify the class after full briefing; and (5) provide all other and further relief that is equitable and just.

Dated: June 3, 2021                                     Respectfully submitted,

                                                        s/ J. Dominick Larry
                                                        One of Plaintiff's Attorneys

J. Dominick Larry
NICK LARRY LAW LLC
8 S. Michigan Ave., Suite 2600

6



*  5  0  0  8  1  9  6  6  *

Chicago, IL 60603
T: 773.694.4669
F: 773.496.4691
nick@nicklarry.law
Firm ID: 64846

Randy Pulliam (*pro hac vice* to be sought)
CARNEY, BATES, AND PULLIAM PLLC
519 W. 7th St.
Little Rock, AR 72201
T: 501.312.8500
rpulliam@cbplaw.com

*Counsel for Plaintiff and the proposed class*