IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles Hines, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Proctor.io Incorporated,<br><br>Defendant. | Case No. 1:21-CV-03597<br><br>**ANSWER** |

For its answer to the Complaint filed by plaintiff Charles Hines ("Plaintiff" or "Hines"), defendant Proctor.io, Inc. ("Proctorio") denies each and every allegation except as expressly admitted or qualified as follows:

**INTRODUCTION**

The allegations against Proctorio set forth in the Complaint are fundamentally misguided and demonstrably untrue. The material allegations, all of which Proctorio denies, rest upon a false premise: that Proctorio captures, collects, or otherwise uses biometric information. It does not, nor has it ever done so. *See* https://blog.proctorio.com/why-proctorio-does-not-use-facial-recognition/ and https://proctorio.com/faq. While plaintiff may have confused Proctorio with other exam integrity companies that *do* capture and collect biometric information, Proctorio deliberately *does not* capture, collect, or otherwise use biometric information, which sets it apart from its competitors. Based on the allegations in the Complaint, plaintiff either misunderstands how Proctorio's software operates or has intentionally misrepresented its functionality in order to concoct allegations that Proctorio violated the Illinois Biometric Information Privacy Act ("BIPA").

## NATURE OF THE ACTION

1. Proctorio denies the allegations in paragraph 1 of the Complaint. In particular, Proctorio does not collect, capture, store or use any "biometrics" as defined in paragraph 1 of the Complaint; nor has it ever done so. Further, Proctorio does not use any information based on any biometric identifier for the purpose of identifying an individual.

2. Proctorio admits the allegations in paragraph 2 of the Complaint.

3. Proctorio admits that its software is widely used in Illinois and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 3 of the Complaint.

4. Proctorio admits that its software upholds the integrity of students taking remote exams through various means that do not involve the collection or use of biometric information and otherwise refers to its Privacy Policy for its terms. A copy of Proctorio's Privacy Policy can be accessed at: https://proctorio.com/privacy-policy.

5. Proctorio denies the allegations in paragraph 5 of the Complaint. Proctorio's software does not scan, or otherwise collect, capture, store or use, users' "facial geometry" as alleged in the Complaint.

6. Proctorio denies the allegations in paragraph 6 of the Complaint. Proctorio's software does not scan, or otherwise collect, capture, store or use, users' "facial geometry" as alleged in the Complaint.

7. Proctorio denies the allegations in paragraph 7 of the Complaint. Proctorio does not collect, capture, store or use any of the "biometric data points" referenced paragraph 7.

8. Proctorio denies the allegations in paragraph 8 of the Complaint.

9. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 9 states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is necessary; Proctorio refers to the full text of BIPA for its contents. To the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

11. Paragraph 11 of the Complaint states legal conclusions to which no response is necessary; Proctorio refers to the full text of BIPA for its contents. To the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

12. Proctorio denies the allegations in paragraph 12 of the Complaint. Proctorio's software does not scan, or otherwise collect, capture, store or use, users' "facial geometry" as alleged in the Complaint.

13. Proctorio admits that Plaintiff purports to bring his Complaint on behalf of the individuals purportedly described in Paragraph 13 of the Complaint; denies that Plaintiff states any claim; denies that a class may be certified; denies that Proctorio collects, captures, stores or uses any biometrics; and denies the remaining allegations in paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint states legal conclusions to which no response is necessary. Proctorio denies the remaining allegations in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is necessary. Proctorio denies the remaining allegations in paragraph 15 of the Complaint.

## PARTIES

16. Proctorio denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17. Proctorio admits the allegations paragraph 17 of the Complaint.

18. Proctorio admits that paragraph 18 of the Complaint accurately quotes the excerpted language from the Illinois House Transcript and refers to the full transcript for its contents. The remainder of paragraph 18 states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint.

19. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 19 of the Complaint states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

20. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 20 of the Complaint states legal

conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

21. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 21 of the Complaint states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

22. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 22 of the Complaint states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

23. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 23 of the Complaint states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

24. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 24 of the Complaint states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

25. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 25 of the Complaint states legal

conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

26. Proctorio denies the allegations in paragraph 26 of the Complaint.

27. Proctorio denies the allegations in paragraph 27 of the Complaint.

28. Proctorio states that the cited technical references speak for themselves and otherwise denies the allegations in paragraph 28 of the Complaint. Proctorio's software does not scan, or otherwise collect, capture, store or use, users' "facial geometry" as alleged in the Complaint.

29. Proctorio states that the cited technical references speak for themselves and otherwise denies the allegations in paragraph 29 of the Complaint. Proctorio's software does not scan, or otherwise collect, capture, store or use, users' "facial geometry" as alleged in the Complaint.

30. Proctorio states that the cited technical references speak for themselves and otherwise denies the allegations in paragraph 30 of the Complaint. Proctorio's software does not scan, or otherwise collect, capture, store or use, users' "facial geometry" as alleged in the Complaint.

31. Proctorio states that the cited technical references speak for themselves and otherwise denies the allegations in paragraph 31 of the Complaint. Proctorio's software does not scan, or otherwise collect, capture, store or use, users' "facial geometry" as alleged in the Complaint, or otherwise use any information based on any biometric identifier for the purpose of identifying any individual.

32. Proctorio denies the allegations in paragraph 32 of the Complaint.

33. Proctorio denies the allegations in paragraph 33 of the Complaint. While the tweets identified in paragraph 33 of the Complaint were posted to Proctorio's Twitter account, the tweets contained inaccurate information regarding the nomenclature and functionality of Proctorio's technology. Upon learning of their existence, Proctorio's management team had the inaccurate tweets promptly taken down and removed.

34. Proctorio admits that paragraph 34 of the Complaint accurately quotes excerpts from Proctorio's website and otherwise denies the remaining allegations in paragraph 34 of the Complaint. Proctorio denies that it uses "biometric-scanning technology" or otherwise collects, captures, stores or uses any biometric information.

35. Proctorio states that the cited online video speaks for itself and otherwise denies the allegations in paragraph 35 of the Complaint.

36. Proctorio denies the allegations in paragraph 36 of the Complaint.

37. Proctorio admits that paragraph 37 accurately represents Figure 11, and denies the remaining allegations in paragraph 37 of the Complaint.

38. Proctorio states that Figure 12 is illegible and denies the remaining allegations in paragraph 38 of the Complaint.

39. Proctorio states that Figure 13 is illegible and denies the remaining allegations in paragraph 39 of the Complaint.

40. Proctorio denies that it collects, captures, stores or uses any biometric information and otherwise denies the allegations in paragraph 40 of the Complaint.

41. Proctorio denies that it collects, captures, stores or uses any biometric information and otherwise denies the allegations in paragraph 41 of the Complaint.

42. Proctorio denies the allegations in paragraph 42 of the Complaint and refers to its Privacy Policy for its terms.

43. Proctorio denies the allegations in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains no allegations and appears to be a heading that was improperly numbered as a paragraph.

45. Proctorio denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint.

46. Proctorio admits that it captures information regarding a test-taker's location and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Complaint.

47. Proctorio denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint.

48. Proctorio denies the allegations in paragraph 48 of the Complaint.

49. Proctorio denies that it collected, captured, stored or used any biometric information of Plaintiff and otherwise denies the allegations in paragraph 49 of the Complaint.

50. Proctorio denies that it collected, captured, stored or used any biometric information of Plaintiff and further states that the allegations in paragraph 50 of the Complaint state legal

conclusions to which no response is required and otherwise denies the allegations in paragraph 50 of the Complaint.

51. Proctorio denies that it collected, captured, stored or used any biometric information of Plaintiff and otherwise denies the allegations in paragraph 51 of the Complaint.

52. Proctorio denies that it collected, captured, stored or used any biometric information of Plaintiff and otherwise denies the allegations in paragraph 52 of the Complaint.

53. Proctorio denies the allegations in paragraph 53 of the Complaint.

## CLASS ALLEGATIONS

54. Proctorio admits that Plaintiff purports to bring his Complaint as a class action, denies that Plaintiff states any claim, denies that there are others similarly situated to Plaintiff for purposes of his putative claim or that a class otherwise may be certified, and denies that Proctorio violated BIPA or is otherwise liable to Plaintiff or any member of the putative class.

55. Proctorio denies the allegations in paragraph 55 of the Complaint.

56. Proctorio denies the allegations in paragraph 56 of the Complaint.

57. Proctorio denies the allegations in paragraph 57 of the Complaint.

58. Proctorio denies the allegations in paragraph 58 of the Complaint.

## CLAIMS FOR RELIEF
## COUNT I

59. Proctorio restates and realleges its responses to paragraphs 1 through 58 of the Complaint as if set forth herein.

60. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 60 of the Complaint states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

61. Proctorio denies the allegations in paragraph 61 of the Complaint.

62. Proctorio denies the allegations in paragraph 62 of the Complaint.

63. Proctorio denies that it collected, captured, stored or used any biometric information of Plaintiff and otherwise denies the allegations in paragraph 63 of the Complaint.

64. Proctorio denies the allegations in paragraph 64 of the Complaint.

65. Proctorio admits that Plaintiff purports to seek the relief described in Paragraph 65 of the Complaint but denies that Proctorio violated BIPA or is otherwise liable to Plaintiff or any member of the putative class, denies that Plaintiff or any member of the putative class is entitled to any relief described in that paragraph, or otherwise, and denies the remaining allegations in that paragraph.

## COUNT II

66. Proctorio restates and realleges its responses to paragraphs 1 through 65 of the Complaint as if set forth herein.

67. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 67 of the Complaint states legal

conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

68. Proctorio denies the allegations in paragraph 68 of the Complaint.

69. Proctorio admits that Plaintiff purports to seek the relief described in Paragraph 69 of the Complaint but denies that Proctorio violated BIPA or is otherwise liable to Plaintiff or any member of the putative class, denies that Plaintiff or any member of the putative class is entitled to any relief described in that paragraph, or otherwise, and denies the remaining allegations in that paragraph.

## COUNT III

70. Proctorio states that the statutory text of BIPA speaks for itself and refers to the full text of the statute for its contents. The remainder of paragraph 70 of the Complaint states legal conclusions to which no response is necessary; to the extent a further response is required, Proctorio denies any factual allegations implied by that paragraph.

71. Proctorio denies the allegations in paragraph 71 of the Complaint.

72. Proctorio admits that Plaintiff purports to seek the relief described in Paragraph 72 of the Complaint but denies that Proctorio violated BIPA or is otherwise liable to Plaintiff or any member of the putative class, denies that Plaintiff or any member of the putative class is entitled to any relief described in that paragraph, or otherwise, and denies the remaining allegations in that paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations are barred, in whole or in part, by the doctrines of estoppe1, waiver and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The allegations are barred, in whole or in part, by the doctrine of ratification.

### FOURTH AFFIRMATIVE DEFENSE

The allegations are barred, in whole or in part, because Plaintiff has suffered no damages.

### FIFTH AFFIRMATIVE DEFENSE

The allegations are barred, in whole or in part, because Plaintiff lacks standing.

### SIXTH AFFIRMATIVE DEFENSE

The proposed class action fails to meet the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

### SEVENTH AFFIRMATIVE DEFENSE

The proposed class action fails to meet the commonality requirement of Federal Rule of Civil Procedure 23(a)(2).

### EIGHTH AFFIRMATIVE DEFENSE

The proposed class action fails to meet the typicality requirement of Federal Rule of Civil Procedure 23(a)(3).

### NINTH AFFIRMATIVE DEFENSE

The named plaintiff will not adequately and fairly protect the interests of the proposed class, as required by Federal Rule of Civil Procedure 23(a)(4)

### TENTH AFFIRMATIVE DEFENSE

The proposed class lacks common questions of law and fact, as required by Federal Rule of Civil Procedure 23(b)(3).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Proctorio has not collected, stored, or used biometric identifiers or biometric information. Plaintiff bears the burden of showing that a biometric identifier of a person was collected, captured, purchased, received through trade, or otherwise obtained by Proctorio. Plaintiff cannot make such a showing because Proctorio and its exam integrity software did not employ or use a biometric identifier or biometric information within the meaning of the BIPA.

### TWELFTH AFFIRMATIVE DEFENSE

The individual and class claims for damages asserted in this case are barred in whole or in part by the Due Process Clause of the United States Constitution and/or the Constitution of the State of Illinois. Plaintiff alleges that he and the putative class members he seeks to represent are entitled to recover at least $1,000 in statutory damages for each alleged violation of BIPA. Plaintiff and the putative class members have not suffered any harm as a result of the conduct alleged. The statutory damages potentially available under BIPA, as applied to Plaintiff's claims and allegations, are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and the putative class members, and therefore any award of statutory damages to the Plaintiff or putative class members would violate defendants' due process rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Proctorio did or omitted to do any act alleged in Plaintiff's Complaint, Plaintiff authorized, consented to, and/or ratified said act or omission.

### FOURTEENTH AFFIRMATIVE DEFENSE

Proctorio did not act with malice or ill will or in reckless disregard for Plaintiff's rights, with respect to any actions affecting Plaintiff, or the putative class, and, with respect to any such actions, Proctorio acted lawfully and in good faith.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

Date: July 9, 2021

Respectfully submitted,

DORSEY & WHITNEY LLP

By: */s/ Ryan Mick*
    Ryan Mick
    mick.ryan@dorsey.com
    Robert Cattanach*
    cattanach.Robert@dorsey.com
    Trevor Brown*
    brown.trevor@dorsey.com
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Daniel Goldberger*
goldberger.dan@dorsey.com
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201


*\* application for pro hac vice admission forthcoming*

and

John F. Grady
GRADY BELL LLP
53 W. Jackson Blvd., Ste. 1250
Chicago, Illinois 60604

312-939-0964
jgrady@gradybell.com
Firm ID: 56243

*Attorneys for Defendant
Proctor.io Incorporated*